**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler B Wilson, | No. CV-23-00738-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| PartnerRe Ireland Insurance dac, a foreign corporation, | |
| Defendant. | |

Defendant PartnerRe Ireland Insurance removed this case from state court. Doc. 1. Plaintiff Tyler Wilson has filed a motion to remand under 28 U.S.C. § 1447(c) and a request for attorneys' fees. Doc. 8. The motion is fully briefed and no party requests oral argument. For reasons stated below, the Court will deny the motion.

**I.   Background.**

Plaintiff, an Arizona resident, served as general counsel for Taronis Technologies, Inc. and as chief financial officer for its subsidiary, Taronis Fuels ("Fuels"). Doc. 1-3 ¶¶ 1, 9-11. In August 2019, Plaintiff and Fuels entered into an indemnification agreement that required Fuels to indemnify Plaintiff for expenses arising out of any legal claims, investigations, or inquiries. *Id.* ¶ 16.

Defendant is an Irish corporation with its principal place of business in Dublin, Ireland. Doc. 1 ¶ 6. Defendant provided directors and officers insurance ("the Policy") to Fuels from July 2020 to July 2021. Doc. 1-3 ¶¶ 12-13.

The Securities and Exchange Commission started a formal investigation of Taronis Technologies in August 2020, and began an investigation of Fuels in January 2021. *Id.* ¶¶ 17-18. In May 2021, Plaintiff retained legal counsel. *Id.* ¶ 19. Plaintiff sought indemnification from Fuels and insurance coverage from Defendant. *Id.* ¶ 20. Both denied his requests. *Id.* ¶¶ 23-25.

Plaintiff sued Fuels for his legal expenses and obtained a judgment. Doc. 8 at 2. Fuels then filed for bankruptcy. *Id.*

On March 30, 2023, Plaintiff filed this action in Maricopa County Superior Court. Doc. 1-1 at 2-8. He asserts claims against PartnerRe for breach of the Policy and insurance bad faith. Doc. 1-3, ¶¶ 28, 39-43. He seeks compensatory and punitive damages, attorneys' fees, and a declaratory judgment that the Policy covers certain legal costs. Doc. 1-3 at 8.

On April 28, 2023, Defendant removed the action to this Court. Doc. 1. Defendant asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the matter in controversy exceeds $75,000. *Id.*

## II. Legal Standard.

Under 28 U.S.C. § 1441(a), a civil case may be removed to the federal district court in the district where the action is pending if the district court had original jurisdiction. The removal statute is to be strictly construed against removal jurisdiction. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). The "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But "a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *see* 28 U.S.C. § 1447(c).

///

**III.   Discussion.**

**A.   The Insurance Policy Permits Removal.**

Plaintiff argues that the Court lacks jurisdiction based on the forum selection clause in the Policy. Doc. 8 at 2-3. The clause provides:

> Underwriters at the request of any of the Insureds will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction. *Nothing in this Clause constitutes* or should be understood to constitute a *waiver of Underwriters' rights . . . to remove an action to United States District Court*[.]

Doc. 8-1 at 64 (emphasis added).

This clause clearly permits Defendant to remove this action to federal court. Courts enforce forum selection clauses absent "extraordinary circumstances unrelated to the convenience of the parties." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Plaintiff does not assert that the clause is unenforceable or should be disregarded for extraordinary reasons. Removal of this case is permitted by the Policy.

**B.   The Direct Action Exception Does Not Destroy Diversity Jurisdiction.**

Diversity jurisdiction exists in cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332(a). A corporation is "deemed a citizen of its place of incorporation and the location of its principal place of business" whether incorporated in a state within the United States or a foreign country. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)(1)).

Plaintiff is a citizen of Arizona. Doc. 1-3 ¶ 1. Defendant is an Irish corporation, principally conducting its business in Dublin. Doc. 1-1 at 1; Doc. 1-4 at 3. Neither party disputes that Plaintiff's claims exceed $75,000. Diversity jurisdiction therefore appears proper on the face of the complaint and the notice of removal. Doc. 1.

Plaintiff argues that diversity jurisdiction is improper under 28 U.S.C. § 1332(c)(1). That provision provides that "in any direct action against the insurer of a policy . . . to

which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen[.]" 28 U.S.C. § 1332(c)(1).

A "direct action" is a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (quoting *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982)). "A suit by an insured against his or her own insurer is denominated a first-party action. The direct-action rule of Section 1332(c) does not apply to a first party action, whether the action is based on denial of coverage or bad-faith insurance practices." *Camelback Props. Phoenix Ins. Co.*, No. 10 C 01467, 2010 WL 2402929, at *2 (N.D. Ill. June 15, 2010) (quoting 15 Moore's Federal Practice ¶ 102.58[4] (3d ed. 2009)).

The Policy defines "insureds" as the Company and "all persons who were, now are, or shall be directors, officers or risk managers of the Company[.]" Doc. 1-3 at 49-50. Taronis Fuels, Inc. is listed as the Company. Doc. 1-3 at 10. Plaintiff was Fuels' chief financial officer and acknowledges that he is thus an "insured" under the Policy. Doc. 1-3 ¶¶ 11, 55. This case consists of an insured bringing an action against his insurer and is not a direct action. *See Searles*, 998 F.2d at 729 ("[A] suit by an insured against an insurer, is not a direct action.") (cleaned up); *Bhattacharya v. HISCOX Ins. Co.*, No. CV-19-02780-PHX-ESW, 2019 WL 12288046, at *3 (D. Ariz. June 11, 2019) (collecting cases).

Plaintiff argues that he is suing PartnerRe for the wrongs and liability of Fuels, making this a direct action. But Plaintiff alleges that PartnerRe "breached the Policy by refusing coverage under the same" (Doc. 1-3 ¶ 28) and "violated applicable industry standards governing reasonable handling of D&O coverage claims" (*id.* ¶ 42). These claims for breach of the Policy and insurance bad faith could not be asserted against Fuels and cannot form the basis of a direct action. *See Beckham*, 691 F.2d at 902 ("The present suit is clearly not a direct action since Beckham is not seeking to impose liability on Safeco

for the negligence of Safeco's insured, Mankin.  Rather, she is seeking to impose liability on Safeco for its own tortious conduct, i.e., Safeco's bad faith refusal to settle her claim against Mankin.") (citation omitted); *Purington v. GEICO Ins. Agency Inc.*, No. CV-19-01469-PHX-SMB, 2019 WL 12338047, at *2 (D. Ariz. Oct. 10, 2019) ("[T]he "direct action" exception does not apply because Plaintiff could not have brought a bad faith or breach of contract claim based on Defendant's underinsured motorist policy against the tortfeasor's insurer."); *Weigen v. Am. Fam. Mut. Ins. Co. SI*, No. CV-18-00470-TUC-JAS-JMR, 2018 WL 6272776, at *3 (D. Ariz. Oct. 24, 2018) ("Here, Plaintiff's complaint alleges a breach of contract and bad faith claim against his own insurer, American Family. Those claims and this action could not be brought against Statler.  Thus, the action is a not a direct action.").

**IT IS ORDERED** that Plaintiff's motion to remand and request for attorneys' fees (Doc. 8) is **denied**.

Dated this 5th day of June, 2023.

David G. Campbell
Senior United States District Judge