**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler B Wilson,<br><br>                    Plaintiff,<br><br>v.<br><br>PartnerRe Ireland Insurance dac, a foreign corporation,<br><br>                    Defendant. | No. CV-23-00738-PHX-DGC<br><br>**ORDER** |

Plaintiff, an Arizona resident, served as general counsel for Taronis Technologies, Inc. and as chief financial officer for its subsidiary, Taronis Fuels ("Fuels"). Defendant provided directors and officers (D&O) insurance to Fuels from July 2020 to July 2021.

The Securities and Exchange Commission (SEC) investigated and eventually brought an action against Fuels and Plaintiff. Plaintiff retained legal counsel to defend him in the SEC proceeding and sought indemnification from Defendant, but Defendant denied his request. Plaintiff claims that this denial of coverage wrongfully required him to terminate his attorney, forcing Plaintiff to represent himself in the SEC case even though he was not experienced in such proceedings and resulting in an unfavorable conclusion that caused him tens of millions of dollars in damages. Plaintiff claims that he would have achieved a significantly better result in the SEC action if Defendant had funded his defense as it was obligated to do under the D&O insurance policy.

The Court held a discovery conference call with the parties on December 20, 2024, and directed them to file briefs on the issue discussed. Doc. 74. The parties filed their briefs, Defendant's in the form of a motion to compel discovery. Docs. 91, 92.

Defendant contends that Plaintiff's claim places his communications with his SEC defense counsel at issue in this case. Defendant argues that it cannot effectively defend against Plaintiff's claim without being permitted to discover the strategy and evidence Plaintiff's attorney would have used in defending against the SEC case. Defendant contends, therefore, that Plaintiff has impliedly waived the attorney-client privilege and Defendant should be permitted to obtain documents and testimony from Plaintiff's former attorney, Adam Schwartz.

Plaintiff counters that he has not put his communications with Mr. Schwartz at issue in this case and does not intend to do so. He will seek to prove he would have achieved a better result in the SEC case by (a) having an expert review the evidence and arguments that could have been presented in the case and (b) having the expert opine that a more favorable result would have occurred if Plaintiff had been represented by experienced and competent counsel funded by Defendant. The expert will not consider any evidence or strategy Mr. Schwartz intended to use, but instead will opine that a competent defense attorney would have achieved a better result than Plaintiff obtained for himself. Plaintiff therefore contends that his attorney's strategies and communications are irrelevant.

**I.    Applicable Law.**

Courts have long held that a litigant may waive the attorney-client privilege by placing attorney-client communications at issue in litigation. *See Hunt v. Blackburn*, 128 U.S. 464, 470-71 (1888) ("When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter."); *see also United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir. 1999). Thus, as the Ninth Circuit explained in an en banc opinion, "parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the

2

1 privileged materials. The party asserting the claim is said to have implicitly waived the
2 privilege." *Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003). "[C]ourts and
3 commentators have come to identify this simple rule as the fairness principle." *Id*. at 719.
4 It applies "when a party takes a position in litigation that makes it unfair to protect that
5 party's attorney-client communications." *Id*. (quotation marks and citation omitted).

**II.     Discussion.**

The crux of the parties' disagreement is causation – did Defendant's refusal to fund Plaintiff's defense to the SEC action cause Plaintiff to receive a less favorable result that cost him tens of millions of dollars? Plaintiff argues that the privilege waiver rule does not apply because he will not rely on evidence from Attorney Schwartz to prove his case, nor will he rely on Mr. Schwartz's strategies or evidence. Plaintiff instead will present expert testimony that any experienced and competent defense attorney, armed with the evidence that favored Plaintiff, would have achieved a better result.

Even though Plaintiff does not intend to use privileged evidence, does his claim entitle Defendant to discover it? The Court believes it does. Even if the jury accepts Plaintiff's expert's opinion that any competent defense attorney would have achieved a better result given the evidence in Plaintiff's favor, the fact remains that Plaintiff had an attorney and terminated him only when Defendant refused to fund the defense. In his deposition, Plaintiff confirmed his contention that *Mr. Schwartz* would have obtained a better result in the SEC case if he had continued to represent Plaintiff. Doc. 94-4 at 12. But how will the jury know whether Mr. Schwartz would have achieved the result Plaintiff's current expert will describe? That is a critical causation question. If Mr. Schwartz planned to use a strategy different than the strategy Plaintiff's expert describes, then the expert's testimony will not prove that funding Mr. Schwartz's representation would have produced a better result.

Defendant wants discovery of the strategy and evidence Mr. Schwartz intended to use so it can show (if the evidence favors its position) that Plaintiff's defense would not have achieved the result his expert claims. Whether or not evidence from Mr. Schwartz

3

would support such an argument is unknown, but that is not the question. The question is whether Defendant should be entitled to acquire such evidence.

This dispute falls squarely within the rule established by the Ninth Circuit: "parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 718-19. Plaintiff is asserting a claim Defendant cannot adequately dispute unless it has access to information about the defense Mr. Schwartz would have presented had Defendant funded the defense. It is not necessary that Plaintiff intends use the privileged evidence; he asserts a claim that can be fully defended only through discovery of the privileged information.

Stated differently, "the privilege may be found to have been waived by implication when a party takes a position in litigation that makes it unfair to protect that party's attorney-client communications." 3 Weinstein's Federal Evidence § 503.41 (2024). With Plaintiff claiming that funding of his defense attorney would have saved him millions of dollars, it would be unfair to deny Defendant discovery into what that attorney would have done if funded. Defendant should not be confined to addressing whether a hypothetical competent attorney would have produced a better result as Plaintiff's expert claims. The fact remains that Plaintiff had a defense attorney, and the ultimate causation question is whether that attorney would have achieved the more favorable result Plaintiff claims. Waiver occurs when "when a party takes a position in litigation that makes it unfair to protect that party's attorney-client communications." *Bittaker*, 331 F.3d at 718-19.[1]

### III. Discovery the Court Will Allow.

The Ninth Circuit recognizes important limitations on the waiver rule. First, "[t]he court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials if it

---

[1] The Court reaches the same conclusion applying the three-part test described in *Amlani*, 169 F.3d at 1195. (1) Plaintiff has taken the affirmative act of suing Defendant and claiming that failure to fund his SEC defense attorney cost him millions in damages; (2) through this affirmative act Plaintiff has put privileged information at issue; and (3) upholding the privilege would deny Defendant access to information vital to its defense.

wishes to go forward with its claims implicating them." *Bittaker*, 331 F.3d at 720. Second, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id*.

There is an additional limiting factor in this case. Defendant waited until late in the discovery period to seek information from Mr. Schwartz and his law firm. In fact, Defendant waited more than a year to seek the discovery. The already-extended fact discovery period has now ended.

Consistent with the Ninth Circuit limiting principles and the late hour of this discovery, the Court will allow only limited discovery for a limited period of time. (1) Defendant may depose Mr. Schwartz regarding (a) the evidence and strategies he intended to use in defense of Plaintiff in the SEC action, (b) his assessment regarding the likely success of his strategies, and (c) why his representation of Plaintiff was terminated; (2) Defendant may obtain discovery by subpoena of documents from Mr. Schwartz and his law firm concerning the strategy to be pursued in the SEC action and assessment of its likely success; (3) this additional discovery shall be completed within 30 days of this order.[2]

**IT IS ORDERED** that Defendant's motion to compel (Doc. 91) is **granted as set forth above and otherwise denied**.

Dated this 3rd day of February, 2025.

David G. Campbell
Senior United States District Judge

---

[2] The Court is not persuaded that Defendant's express waiver argument would justify any broader discovery, particularly given the late hour of this issue, and therefore will not address the argument in this order.

5